## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DVAHNTE WOODS**                                     **CIVIL ACTION**

**VERSUS**                                            **NO. 22-898**

**PATRONS OXFORD INSURANCE**                          **SECTION: H**
**COMPANY ET AL.**

### ORDER AND REASONS

Before the Court is Plaintiff Dvahnte Woods's Motion to Remand (Doc. 5). For the following reasons, this Motion is **GRANTED**.

### BACKGROUND

This case arises out of a car accident that occurred on March 4, 2021, on N. Claiborne Avenue in Orleans Parish, Louisiana. Plaintiff Dvahnte Woods alleges that Defendant Randy Merchant disregarded a traffic signal while driving his vehicle and struck Plaintiff's car as a result.[1] Plaintiff alleges that he suffered personal injuries from the accident and that Merchant and Defendant Patrons Oxford Insurance Company, as Merchant's automobile insurance provider, are liable to him.[2] In February 2022, Plaintiff filed suit in

---

[1] *See* Doc. 1-2 at 2.
[2] *Id.* at 3.

1

the Civil District Court for the Parish of Orleans, seeking a variety of general and special damages.

On April 5, 2022, Defendants filed a Notice of Removal in this Court.[3] Defendants alleged diversity jurisdiction under 28 U.S.C. § 1332. In response, Plaintiff filed the instant Motion to Remand.[4] Plaintiff argues that this Court lacks original jurisdiction over this action because Defendants' Notice of Removal fails to establish that the amount in controversy exceeds the minimum jurisdictional threshold of $75,000, exclusive of interest and costs.[5] Defendants oppose remand.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[6] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[7] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[8] District courts must "strictly construe" the removal statute,

---

[3] *See* Doc. 1.

[4] *See* Doc 5.

[5] *Id.* at 1.

[6] 28 U.S.C. § 1441.

[7] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).

[8] Pullman v. Jenkins, 305 U.S. 534, 537 (1939); *Manguno*, 276 F.3d at 723; *see also* Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995) (explaining why courts should determine removability in diversity cases based on the allegations known at the time of removal).

"and any doubt about the propriety of removal must be resolved in favor of remand."[9] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[10]

## LAW AND ANALYSIS

District courts have original jurisdiction over all civil actions between citizens of different states in which the matter in controversy exceeds $75,000.[11] If removal is sought on the basis of diversity, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[12] Louisiana law, however, requires that a plaintiff include "[n]o specific monetary amount of damages" in a prayer for relief.[13] In that case, removal is proper if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[14]

A defendant attempting removal may demonstrate the amount in controversy to the district court by either "(1) showing that it is facially apparent that the plaintiff's claims likely exceed $75,000 or (2) setting forth 'summary judgment type evidence' of facts in controversy that support a

---

[9] Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278, 281–82 (5th Cir. 2007).

[10] 28 U.S.C. § 1447(c).

[11] *See* 28 U.S.C. § 1332(a)(1).

[12] *Id.* § 1446(c)(2).

[13] LA. CODE CIV. PROC. art. 893.

[14] *See* Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); *see also* De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).

finding of the jurisdictional amount."[15] The Court considers each option in turn.

## I.  Facially Apparent

Defendants argue that it is facially apparent from Plaintiff's Complaint that his claims likely exceed $75,000.[16] Plaintiff's Complaint pleads many broad categories of general and specific damages and little else with respect to the amount in controversy. It does not specify the type or extent of Plaintiff's injuries. Nor does the Complaint indicate the amount of damages sought generally.

> Courts have routinely held that pleading general categories of damages, such as "pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.," without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the "facially apparent" test.[17]

Defendants also cite personal injury cases that ended in awards over $75,000 and that they assert are similar to the case at hand, but neither the Complaint nor Defendants identify similarities between Plaintiff's injuries and

---

[15] Kliebert v. DG La., LLC, No. 16-2353, 2016 WL 1598608, at *2 (E.D. La. Apr. 20, 2016) (quoting *Manguno*, 276 F.3d at 723).

[16] *See* Doc. 7 at 3–4.

[17] Davis v. JK & T Wings, Inc., No. 11–501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) (first citing Alderdice v. Lowe's Home Ctrs., Inc., No. 09-406, 2010 WL 371027 (M.D. La. Jan. 29, 2010); then citing Nelson v. Wal-Mart Stores, Inc., No. 09-0302, 2009 WL 1098905 (W.D. La. Apr. 22, 2009) (citing numerous cases therein); then citing Fontenot v. Granite State Ins. Co., No. 08 CV 1296, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and then citing Bonck v. Marriot Hotels, Inc., No. Civ.A. 02–2740, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)).

those in the cited cases.[18] Instead, Defendants simply argue that the cited cases involve injuries from auto accidents and that damages in the instant case could plausibly match the high damages in the cited cases.[19] Plausibility is not the removal standard Defendants must meet, however.[20] Further, it is more apt to claim that damages here could *possibly*—not plausibly—match those in the cited cases given the absence of any allegation of similar injuries. Accordingly, the Complaint does not provide sufficient information to make it facially apparent that Plaintiff's damages more likely than not amount to over $75,000.

## II.  Summary-Judgment-Type Evidence

"If the amount is not facially apparent, 'a removing attorney may support federal jurisdiction by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'"[21] Defendants identify four pieces of evidence that appear to support the requisite amount in controversy: (1) Plaintiff's pre-suit settlement demand for the insurance policy limits of $500,000; (2) Plaintiff's medical records; (3) Plaintiff's refusal to stipulate to damages less than $75,000; and (4) a quantum survey of similar tort cases from Louisiana.

Relevant to the first two pieces of evidence, Defendants show that counsel for Plaintiff was informed on two different occasions that Patrons Oxford Insurance issued a policy to Mr. Merchant with a combined single

---

[18] *See* Doc. 1 at 4–5.
[19] *Id.*
[20] *See De Aguilar*, 47 F.3d at 1412 ("The defendant has established, by a preponderance, that federal jurisdiction is warranted.").
[21] Knowles Pub. v. Am. Motorists Ins. Co., No. 00-10561, 2001 WL 85914, at *2 (5th Cir. Jan. 25, 2001) (quoting Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).

liability limit of $500,000.[22] Following these communications of the policy limit, Plaintiff's counsel sent a letter to Defendants' claims adjuster stating, "I will recommend that my client release your insured for the policy limits."[23] Attached to this letter was Plaintiff's medical records reflecting a total expense amount of $7,560 incurred by Plaintiff as of the date of the letter.[24] "The amount of an offer in a 'settlement letter is valuable evidence to indicate the amount in controversy at the time of removal.'"[25]

> While the Fifth Circuit has not conclusively addressed the issue of whether a pre-removal settlement demand letter can be considered as relevant evidence of the amount in controversy, "it can be inferred from several Fifth Circuit cases that such a practice is permissible when the settlement offer reflects an honest assessment of the value of the plaintiff's claims."[26]

Granted, the settlement amount, even if relevant, is not determinative of the amount in controversy.[27]

Here, the Court finds that Plaintiff's settlement offer of $500,000 did not reflect an honest assessment of the value of his claims. While counsel did attach Plaintiff's medical records to the offer, which is usually indicative of a

---

[22] *See* Docs. 7-2, 7-3.

[23] Doc. 7-4 at 2.

[24] *Id.* at 1.

[25] Brown v. Protective Ins. Co., 2020 WL 3604229, at *5 (E.D. La. July 2, 2020) (quoting Fairchild v. State Farm Mut. Auto. Ins. Co., 907 F. Supp. 969, 971 (M.D. La. 1995)).

[26] Thomas v. Harco Nat'l Ins. Co., NO. 20-620, 2021 WL 1615579, at *4 (M.D. La. Jan. 20, 2021) (quoting McGlynn v. Huston, 693 F. Supp. 2d 585, 595 n.8 (M.D. La. 2010)); *see also* Pollet v. Sears Roebuck & Co., 46 F. App'x 226 (5th Cir. 2002); Hartford Ins. Grp. v. Lou–Con Inc., 293 F. 3d 908 (5th Cir. 2002); Wilson v. Belin, 20 F.3d 644, 651 n.8 (5th Cir. 1994).

[27] *See* Carver v. Wal-Mart Stores, No. CIV. A. 08-42-M2, 2008 WL 2050987, at *3 (M.D. La. May 13, 2008) (quoting Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002)).

serious settlement demand that aims to approximate actual damages,[28] here the dollar figure demanded ($500,000) and the records in support thereof (reflecting $7,560 in bills) are so discordant that any reasonable recipient would not view the offer as a fair valuation of the underlying claims. Plaintiff's medical records reflect no prospect of serious, costly procedures on the horizon or debilitating, excruciating injuries that justify the $500,000 figure.[29] On the contrary, the records detail a little less than a year of conservative therapy for a herniated disc, an MRI, and a few visits to an orthopedic specialist. As another court has explained, "[I]t is common for a settlement offer to be more about puffing and posturing than proof of anything, much less the value of the claims and the amount in controversy. They often overstate the value of the claim."[30] In fact, Defendants' counteroffer to settle the case for $15,000, inclusive of the $7,560 in medicals, speaks to how seriously they considered Plaintiff's offer as an estimate of his claims.[31] Accordingly, the Court finds that Plaintiff's settlement offer is minimally probative as to the amount in controversy.[32]

---

[28] See Martinez v. Sarratt, CIVIL ACTION NO. 20-cv-0744, 2020 WL 1892357, at *5 (D.S.C. Apr. 16, 2020) ("Conversely, a settlement offer that contains specific information supporting a plaintiff's claim for damages' suggests the plaintiff is giving her reasonable assessment of the value of her claims.").

[29] See Doc. 7-3.

[30] Id.

[31] See Doc. 5-2 at 1–2.

[32] See Martinez, 2020 WL 1892357, at *5 ("As another district court in this circuit noted, however, although 'a settlement offer may count for something, what it counts for depends on the circumstances.'") (quoting Upper Ohio Valley Italian Heritage Festival v. Burlington Ins. Co., Civil Action No. 18CV120, 2018 WL 5284207, at *4 (N.D. W. Va. Oct. 24, 2018)).

The next piece of evidence of the amount in controversy that Defendants rely on, Plaintiff's medical records, falls far short of reaching the $75,000 mark. The third piece of evidence, Plaintiff's refusal to stipulate to damages under $75,000, "is only one factor to consider in determining whether a defendant has met its burden, and it alone will not defeat a plaintiff's motion to remand."[33] Finally, Defendants cite to three cases from the state court where Plaintiff filed suit "involving plaintiffs with similar injuries and treatment that make a $75,001 jury award plausible."[34] However, as explained above, plausibility is not the standard a removing defendant must meet. Further, at least based on the evidence before it, the Court finds the injuries in the cited cases were more severe than here.[35] Thus, after considering all of the summary-judgment-type evidence, this Court finds that Defendants have not carried their burden of proving the requisite amount in controversy by a preponderance of the evidence.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 5) is **GRANTED**.

---

[33] Carbajal v. Caskids Oil Operating Co., No. 05-5966, 2006 WL 1030392, at *2 (E.D. La. Apr. 18, 2006).

[34] Doc. 7 at 6.

[35] *See* Hitchens v. Bunch, CIVIL ACTION NO. 21-1410, 2021 WL 5822639, at *5–6 (E.D. La. Dec. 8, 2021) ("At best, these cases show that at some time in the future, removal may be appropriate—but not today.").

**IT IS ORDERED** that this case is **REMANDED** to the Civil District Court for the Parish of Orleans for further proceedings.

New Orleans, Louisiana this 26th day of July, 2022.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**